BARNS, PAUL D., Associate Judge.
The appellant-plaintiff-lessor brought an action against the appellees-defendants-lessees seeking removal of the defendants, under section 83.20, F.S.A. The court sustained defendants’ motion to dismiss plaintiff’s petition for failure to state a cause of action. Thereupon plaintiff brought this, appeal and we affirm.
Plaintiff’s petition alleges that the defendants’ lease (Article 31, par. A) and the bylaws of the plaintiff corporation (Article XIII, Section 1) provide that:
"No children under twelve (12) years of age shall be permitted as permanent occupants of any of the apartments of Lexington Arms, Inc.”
That after the defendants became tenants of an apartment a child was born unto them- and they continue to occupy the apartment in Lexington Arms Apartment in violation *32 of the terms of their lease. The apartment is a co-operative apartment.
The lease provides in sub-section B of section 17, relating to defaults of a tenant, as follows:
"B. In the event of violation by the Lessee of any of the provisions of this Lease or of the Certificate of Incorporation or of the By-Laws or of the rules and regulations of the Lessor as now or hereinafter constituted, the Lessor may, by direction of its Board of Directors, notify the Lessee by written notice of such breach transmitted by Registered or Certified Mail, Return Receipt Requested and if such violation shall continue for a period of thirty (30) days from the date of Lessee’s notice of the existence of such violation the Lessor shall have the right to treat such violation as intentional, inexcusable and material and thereupon the Lessor, by a second notice in writing transmitted in the same manner as the first notice, may at its option, at least thirty (30) days after the mailing of such second notice, either require the Lessee to quit and surrender the apartment unit and the Lessee shall thereafter become and be a special ■owner or declare this lease terminated and without further force and effect and offer for sale a substitute Lease -upon the same terms and conditions as in the case where the Lessee’s default was for non-payment of any sums, •charges or assessments required to be paid under this Lease as hereinbefore set forth in 17(A) hereof.” (Italics supplied)
Plaintiff’s petition fails to allege any election under the “either-or” language found in the paragraph above quoted relating to the lessor’s rights in event of ■defaults by the lessees or that any notices were given pursuant to the provisions of said paragraph, which gives the plaintiff-lessor a right to make an election under ttlie .option clause contained therein. The terms of the lease unless sooner terminated is from January 17th, 1961 to January 2, 2060, and it is not shown that the lease has been terminated. A mere default in failure to abide by the terms of the lease does not operate to terminate the lease; further action by the lessor is a prerequisite to cancellation.
Section 83.20, F.S.A. authorizes proceedings for the removal of a tenant who (1) holds over after the expiration of his time or (2) after a default in the payment of rent. It does not appear that the defendants have held over after the expiration of time or that they have failed to pay rent due.
Affirmed.
KANNER, A. C. J., and BARKDULL, THOMAS H., Associate Judge, concur.